IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

No. 7:09-CR-42-BO
No. 7:10-CV-161-BO

SHELLY DUNN, JR.,                    )
                                     )
Petitioner,                          )
                                     )
v.                                   )          O R D E R
                                     )
UNITED STATES                        )
                                     )
Respondent.                          )
_____)

This matter is before the Court on Petitioner's Motion to Vacate, Set Aside, or Correct

his Sentence under 28 U.S.C. § 2255. (D.E. #48). Petitioner's Motion is DISMISSED.

FACTS

On April 8, 2009, the grand jury issued a six-count indictment that charged Petitioner and

co-defendant Shauna Revels Locklear with various drug and gun offenses. On June 29, 2009,

Petitioner pleaded guilty to Counts One and Four of the indictment. Count One charged

Petitioner with conspiracy to distribute and possess with intent to distribute more than of five (5)

grams of cocaine base (crack), in violation of 21 U.S.C.§ 846. Count Four charged Petitioner

with aiding and abetting and possession of a firearm in furtherance of crime of violence, in

violation of 18 U.S.C. §§ 924(c)(1) and 2. (D.E. #31).

On October 21, 2009, the Court sentenced Petitioner to 161 months' imprisonment on

Count One and a consecutive 60-month term of imprisonment on Count Two, for a total of 221

months' imprisonment, in addition to supervised release and a special assessment.

Petitioner filed the instant motion on August 19, 2010, claiming ineffective assistance of counsel. He claims his attorney, an assistant federal public defender, failed to appeal and failed to correct a sentencing error.

## DISCUSSION

The Court dismisses Petitioner's Motion to Vacate as Petitioner fails to state a claim for ineffective assistance of counsel.

In order to establish in effective assistance of counsel, Petitioner must show: (1) that trial counsel's representation fell below "an objective standard of reasonableness and (2) that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland v. Washington, 466 U.S. 668, 687-691, 694 (1984). Here, Petitioner has failed to plausibly show that his lawyer's conduct fell below an objective standard of reasonableness. It is thus unnecessary to address the prejudice prong of the analysis.

### Alleged Failure to Appeal

Petitioner first argues his attorney was ineffective because she failed to appeal his sentence as he allegedly directed.

If an attorney fails to file a notice of appeal as requested by his client, the client's Sixth Amendment right to assistance of counsel has been violated. United States v. Peak, 992 F.2d 39, 42 (4th Cir. 1993).

Here, Petitioner's assertion is completely undermined by his initials and signature on a form captioned "Acknowledgment of Appellate Rights in Election Regarding Appeal." This form memorializes his attorney's explanation of Petitioner's appellate rights. Petitioner signed the form, acknowledging that he understood his rights to appeal. The signature is dated October

2

30, 2009. Petitioner also placed his initials next to the box marked "DO NOT WISH TO APPEAL." (Resp.'s Ex. 1). Thus, Petitioner conclusively informed his attorney that he did not wish to pursue an appeal, and he cannot now plausibly claim otherwise.

<u>Alleged Failure to Object to Sentencing Error</u>

Petitioner also claims his lawyer failed to object to an alleged sentencing error. The Court found that 18 U.S.C. § 924(c) required a 5-year mandatory minimum sentence for Petitioner's possession and use of a firearm during his drug trafficking crime, to run consecutive with his 161-month sentence for conspiracy to distribute crack. Petitioner claims that this was an error because § 924(c)'s mandatory minimum sentence for firearm-related conduct is inapplicable when the underlying drug conviction has a greater mandatory minimum.

Petitioner's interpretation of § 924(c) reflects the minority view held by the Second Circuit in <u>United States v. Whitley.</u> 529 F.3d 150 (2d Cir. 2008). The Fourth Circuit has long adhered to the majority view, which rejects this interpretation.

Section 924 (c)(1)(A) states:

> Except to the extent that a greater minimum sentence is otherwise provided by this subsection or by any other provision of law, any person who, during and in relation to any crime of violence or drug trafficking crime (including a crime of violence or drug trafficking crime that provides for an enhanced punishment if committed by the use of a deadly or dangerous weapon or device) for which the person may be prosecuted in a court of the United States, uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm, shall, in addition to the punishment provided for such crime of violence or drug trafficking crime.
>
> (i) be sentenced to a term of imprisonment of not less than 5 years;
>
> (ii) if the firearm is brandished, be sentenced to a term of imprisonment of not less than 7 years; and
>
> (iii) if the firearm is discharged, be sentenced to a term of imprisonment of not less than 10 years.

At the time of Petitioner's sentencing, the Fourth Circuit had long adopted the majority view of § 924(c), held by the First, Fifth, Sixth, Seventh, and Eight Circuits. The majority view holds that § 924(c)'s "except" clause refers only to firearm-related conduct proscribed either by §924(c) or "by any other provision of law," and not to an underlying drug trafficking crime or crime of violence. United States v. Studifin, 240 F.3d 415, 423 (4th Cir. 2001); See also, United States v. Easter, 553 F. 3d 519 (7th Cir. 2009) (outlining the views of the different circuits). Therefore, § 924(c) requires imposing a mandatory minimum sentence for firearm involvement, in addition to any mandatory minimum sentence already imposed for the underlying drug trafficking or a crime of violence conviction.

Thus, Petitioner's counsel made no error in refusing to object to his sentence, as such an objection would have been futile.[1] Petitioner's conviction under § 924 (c)(1)(A) required a mandatory 5-year minimum for Petitioner's firearm conduct, regardless of the greater mandatory minimum required by Petitioner's sentence for conspiracy to distribute crack.

Accordingly, Petitioner's fails to state a claim for ineffective assistance of counsel.

## CONCLUSION

The Court DISMISSES Petitioner's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). (D.E. #48).

---

[1] On November 15, 2010, the Supreme Court expressly rejected the Second Circuit's interpretation of § 924 (c). Abbott v. United States, 131 S.Ct. 18 (U.S. 2010). Although the Supreme Court granted certiorari in Abbott after Petitioner's sentencing, it is worth nothing that Petitioner's sentence is consistent with Abbott's holding.

In Abbott, the Supreme Court held that § 924(c) imposes a mandatory consecutive sentence for using, carrying, or possessing a firearm in connection with a crime of violence or drug-trafficking crime, and the defendant is not spared from that sentence by virtue of receiving a higher mandatory minimum on a different count of conviction. The Court noted however, that the mandatory minimum in § 924(c) would not apply if another statute imposes an even greater mandatory minimum sentence for an offense that embodies all the elements of using, carrying, or possessing a firearm in connection with a crime of violence or drug-trafficking crime.

Here, Petitioner's conviction for conspiracy to distribute and possess with intent to distribute crack, in violation of 21 U.S.C.§ 846, did not encompass the elements of the firearm conviction. Thus, Petitioner's sentence would still be correct under Abbott.

A certificate of appealability shall not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (2000). A petitioner satisfies this standard by demonstrating that reasonable jurists would find that an assessment of the constitutional claims is debatable and that any dispositive procedural ruling dismissing such claims is likewise debatable. Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000); Rose v. Lee, 252 F.3d 676, 683-84 (4th Cir. 2001). Because reasonable jurists would not find this dismissal debatable, a certificate of appealability is DENIED.

SO ORDERED, this 22 day of April, 2011.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE